# Nevers Lumber Co. *v.* Fields.

*Action for Damages for Death of Employe.*

(Decided Feb. 12, 1907. 44 South. 81. Application for re-hearing withdrawn May 9, 1907.)

1. *Trial; Objection to Evidence.*—Unless the question on its face called for illegal evidence a general objection thereto was properly overruled.

2. *Appeal; Review; Errors Not Assigned.*—The overruling of a motion to exclude a witness' answer is not reviewable where it is not assigned as error.

3. *Witnesses; Competency; Transactions With Deceased.*—A defendant employer cannot testify as to the terms of a contract of deceased's employment, since such testimony would involve statements by or transactions with decedent.

4. *Trial; Objections to Evidence.*—Where defendant did not state what answer was expected so that the court might determine whether the question objected to called for evidence involving transaction with deceased persons, a general obligation thereto, if sustained is not error.

5. *Death; Damages Recoverable.*—The savings which may be considered in arriving at the damages to be awarded for the negligent killing of decedent, are the savings from his earnings and insurance collected on his life after his death cannot be considered.

6. *Appeal; Review; Prejudicial Error.*—It was error to refuse an instruction asserting that the jury in assessing damages for the

death of decedent should not consider as savings the insurance col-. lected on decedent's life, prejudicial to plaintiff; since the mortality tables are not conclusive, so that this court can determine what number of years were fixed as the expectant, and hence are unable to determine that the jury in assessing damages for his death did not consider the insurance on his life as part of his savings.

7. *Master and Servant; Death of Servant; Instruction.*—Where a charge failed to hypothesize decedent's knowledge of the custom of coupling cars under such circumstances, and negligence on his part, it was not error to refuse a charge relating to the coupling of cars under such circumstances.

8. *Partnership; Existence of Relation; Jury Question.*—The evidence in this case examined and stated and held to be a question for the jury to determine whether or not defendants were partners.

9. *Judgments; Several Defendants; Joint and Several.*—Under the express terms of section 44, Code 1896, where defendants are sued as individuals and as partners for negligent death, a recovery may be had against one and for the other.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Suit by George B. Fields, administrator, against the Nevers Lumber Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

During the testimony of Jim Elmore, plaintiff asked the witness, "State what, if anything, Pete Nevers said to John Nevers about intestate being killed by a defect in the track, and what reply, if any, John Nevers made." The bill of exceptions then states defendant objected to the question and the court overruled the objection. The witness answered the question as follows: "Pete Nevers said Fields was killed while making a coupling of the cars, because of a defect in the track, and John Nevers said, 'Is that so?' " John Nevers was asked as to what instructions he had given intestate regarding his duty as to coupling cars, and as to whether or not it was "any part of the duty of the conductor of the logging train of your plant to make couplings of cars."

The seventh charge requested by the defendant, and refused, was as follows: "(7) If the jury find from the

evidence that the practice and custom prior to the time of intestate's death had been not to couple the cars while at the pond until the logs had been unloaded and they were ready to be taken back to the place where the logs were loaded, and if the jury find from the evidence that the intestate at the time of his death attempted to couple the cars together before they were unloaded, and that his injury was the proximate result of his having done so, the jury must find for the defendant."

There was judgment for plaintiff for $4,235.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellants. —The court erred in overruling appellants objection to the question asked the witness Elmore. It was merely narrative of the past transaction and not part of the res gestæ.—*L. & N. R. R. Co. v. Pearson*, 97 Ala. 211. Proof of the duties of the conductor of the logging train was not an attempt to prove transaction with or statement by and between his employer and intestate.—*Tisdale v. Maxwell*, 58 Ala. 40; *Wood v. Brewer*, 73 Ala. 259; *Morrisette v. Wood*, 123 Ala. 384; *Borem v. Bell*, 132 Ala. 85; *Yates v. Huntsville Hoop Co.*, 39 South. 647. Under the evidence, Nevers and Robinson were not partners and unless there was legal evidence of the partnership between them there was a variance fatal to recovery.—*Nelms v. McGraw*, 93 Ala. 245; *Boyles v. Gulf City Shingle Co.*, 129 Ala. 192; *Stafford v. Sibley*, 106 Ala. 189; *McDonald v. Battle House Co.*, 67 Ala. 90. Counsel insist on other assignments of error but cite no authority.

DEGRAFFENRIED & EVINS, T. M. MILLER, and CANTERBURY & GILMER, for appellee.—The first assignment of error will not be reviewed because predicated on the overruling by the lower court of a mere general objec-

tion.—*Wallace v. Rhea,* 10 Ala. 451; *Steele v. Tut-wiler,* 57 Ala. 113. Error cannot be predicated upon the sustaining of objections to questions where it was not shown what answers were expected thereto.—*Tolbert v. The State,* 87 Ala. 27; *Ross v. The State,* 139 Ala. 144. Witness was incompetent to testify as to the contract of employment made with decedent.—*Duggar v. Pitts,* 39 South. 909. Counsel discuss other assignments of error but cite no authority.

DENSON, J.—This suit is prosecuted by George B. Fields, as the administrator of Gaius Fields, deceased, against the defendants, C. W. Robinson and J. R. Nevers, as individuals and as partners trading and doing business under the firm name and style of the "Nevers Lumber Company." The action sounds in damages for negligenly causing the death of plaintiff's intestate; the complaint being based on the first subdivision of the employer's liability act (Code 1896, § 1749).

Conceding that the evidence given by Jim Elmore, as to the conversation between Pete and John Nevers, is objectionable on the ground that the matters spoken of in that conversation are not of the res gestæ, yet the objection to the question that called for the conversation being a general one, the rule applies that the trial court cannot be put in error for overruling the objection, unless the question on its face calls for illegal evidence. When the question is looked to, it is apparent that it requires reference to other facts to make its illegality appear. In other words, the question on its face is susceptible of a perfectly legitimate answer; for instance, the witness might have said that he saw the accident, and, in describing the facts in connection with it, might have accurately defined the cause as alleged in the complaint, and John might have answered that

he knew of the defect before the accident occurred, and, John being a party to the suit, the evidence would have been competent. If the answer to the question was illegal, the defendants took the proper course to protect themselves against it by moving to exclude; but they have cut themselves off from having the trial court's ruling on the motion considered by not assigning it as error. The trial court cannot be put in error for over-ruling the objection to the question.—*Steele v. Tutwiler,* 57 Ala. 113; *Dryer v. Lewis,* 57 Ala. 551; *Richmond & Danville R. R. Co. v. Jones,* 92 Ala. 218, 9 South. 276; *Pool v. Devers,* 30 Ala. 672.

The second, third, and eighth grounds in the assignment of errors are not insisted upon, and we pass them out of view.

J. R. Nevers is a party to the suit, and testified, as a witness for the defendants, that he employed the deceased to work for them—he made with him the contract of employment. It is clear that he is not a competent witness to testify to the terms of the contract, as such testimony would of necessity involve statements by, or transactions with, the deceased; and as the defendants did not, when the objections to the question were made, state to the court what they expected to prove by the witness, so that the court might see that the expected evidence did not involve such statements or transactions, the trial court cannot be put in error for sustaining the general objections to the questions. The rulings considered in this paragraph are shown by the fourth, fifth, and sixth grounds in the assignment of errors.—*Tolbert's Case,* 87 Ala. 27, 6 South. 284; *Ross' Case,* 139 Ala. 144, 36 South. 718.

At the time the witness Nevers was asked to look at the time book, it had not been shown who kept it, nor that it was correctly kept, nor that John Elmore had

been paid, or had accepted his pay, according to the time as shown by the book. Therefore the court did not err in declining to allow the witness to look at the book.

The remaining questions for consideration relate to the refusal by the court to give three charges requested by the defendant. The evidence shows that the plaintiff's intestate, at the time of his death, had in force on his life a policy of insurance for $2,000, which sum was collected on the policy by plaintiff as administrator and forms a part of the assets of the estate of the deceased. In view of this evidence, the court was requested in writing by the defendant to charge the jury as follows: "In considering the amount of Gaius Field's savings, the jury should not consider the amount of the insurance collected by his administrator after his death." The damages recoverable are compensatory, based on the accumulating capacity of the deceased. The savings which the law takes into account in arriving at the damages to be awarded to the next of kin are savings from earnings, and cannot involve the amount of money collected after the death of the deceased on an insurance policy carried by him on his life, and the court should have given the charge above set out. But it is argued by appellee that, conceding the court erred in refusing the charge, the error worked no injury to the defendant (appellant), because the evidence shows that, if the plaintiff was entitled to recover, the amount given by the jury is not excessive—that the evidence shows the plaintiff was entitled to the amount awarded.

In ascertaining the amount of damages, the life expectancy of the deceased was an essential factor, and while the mortality tables offered in evidence showed the expectancy of deceased was forty years, yet the tables are not conclusive of the question, but are only

[Nevers Lumber Co. v. Fields.]

evidence to be considered by the jury in fixing the expectancy.—*Jones' Case,* 114 Ala. 519, 21 South. 507, 62 Am. St. Rep. 121. Therefore we cannot possibly determine what number of years was fixed as the expectancy, and consequently cannot determine that the amount of the insurance was not considered by the jury in arriving at the amount awarded as damages. On these considerations, it follows that the doctrine of error without injury cannot be applied, and that the refusal of the charge constitutes reversible error.

The seventh charge was properly refused, if for no other reason, for that it fails to hypothesize deceased's knowledge of the custom, or that he had any notice of such custom. Furthermore, it fails to hypothesize negligence on the part of the deceased.

The affirmative charge was properly refused. It was asked on the theory that the defendants were sued as partners and that the evidence showed they were not partners. Conceding that the evidence of Nevers, on the trial, shows that the relations existing between Robinson and himself are not those of partnership, yet there is evidence of admissions on his part and on the part of Robinson that they were in fact partners; so it was a question for the jury, under appropriate instructions by the court, whether or not the partnership existed. But there might have been a verdict against one and not against the other, as they were sued as individuals and as partners.—Code 1896, § 44.

For the error pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.