Court in the case of Illinois Central R. R. Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. —— (decided April 27, 1914), where it was held under similar circumstances that the case was not within the federal Employers' Liability Act.

[2] The only remaining question which needs to be considered is whether we should grant a new trial or dismiss the complaint. While the complaint itself is broad enough in its statement of facts to make out a case under the laws of our state, if the case is not within the federal Employers' Liability Act, the evidence fails to make out a case under either the federal statutes or the state law. The case is made up by question and answer, as is required by rule 34 of the General Rules of Practice, in effect November 1, 1913, and the stipulation of the attorneys for the respective parties attached to the case is to the effect that it contains all the proceedings and all the evidence offered or received on the trial. No error prejudicial to the plaintiff has been pointed out, and we have discovered none in the record. Every ground urged for recovery against the defendant seems to have been considered by the trial court, and is presented by the record now before us. We are therefore of the opinion that a new trial should not be ordered, but that the complaint should be dismissed, as may be done under the provisions of section 1317 of the Code of Civil Procedure.

The judgment should be reversed and the complaint dismissed, with costs. All concur.

---

(163 App. Div. 468)

NORTON v. ERIE R. CO. (No. 178–M4.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1914.)

DEATH (§ 92*)—WRONGFUL DEATH—AMOUNT RECOVERABLE—FEDERAL EMPLOYERS' LIABILITY ACT—INTEREST.

　　Code Civ. Proc. § 1904, providing that, when final judgment is rendered for plaintiff in an action for wrongful death, the clerk must add interest from decedent's death and include it in the judgment, has no application to an action for wrongful death of an interstate railroad employé under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1324]), and, such act containing no provision for the addition of interest to the verdict, none was allowable.

　　[Ed. Note.—For other cases, see Death, Cent. Dig. § 102; Dec. Dig. § 92.*]

Appeal from Special Term, Steuben County.

Action by Gertrude I. Norton, as administratrix of the goods, etc., of Shadrach Norton, deceased, against the Erie Railroad Company. From an order denying plaintiff's motion for a retaxation of costs, she appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

James O. Sebring, of Corning, for appellant.
F. A. Robbins, of Rochester, for respondent.

KRUSE, P. J. The plaintiff seeks to have included in the judgment interest upon the verdict from the time of the death of the plaintiff's

intestate, as is provided by section 1904 of the Code of Civil Procedure. I think that section has no application to this case, for the reason that the action is brought under the federal Employers' Liability Act, and the verdict rests solely upon the claim arising under that act. The federal statute is paramount and exclusive (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322], as amended by Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1325]; Mondou v. N. Y., N. H. & H. R. R. Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. [N. S.] 44; Taylor v. Taylor, 232 U. S. 363, 34 Sup. Ct. 350, 58 L. Ed. ——, reversing 204 N. Y. 135, 97 N. E. 502, Ann. Cas. 1913D, 276), and the defendant's liability may not be extended by the provisions of our statute. No provision is made in the federal act for adding such interest to the verdict, and I think the provisions of our statute may not be invoked for that purpose.

The order should therefore be affirmed, with $10 costs. All concur.