# GROW v. OREGON SHORT LINE R. CO.

No. 2722.   Decided July 17, 1915.   Application for Rehearing, August 11, 1915 (150 Pac. 970).

1. APPEAL AND ERROR—RULES OF DECISION—"LAW OF THE CASE." A decision on appeal constitutes the "law of the case" on a new trial wherein the facts are the same, and is binding upon the trial court, the parties, and the Supreme Court on a subsequent appeal.[1]   (Page 27.)

2. MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS—ASSUMPTION OF RISK. A railway employee who works upon the tracks and is carried to and from work on a hand car or tricycle does not assume the risk of injury from the negligence of servants in charge of a train, for such servants are not his fellow servants.   (Page 27.)

3. DEATH—DAMAGES—ALLOWANCE OF INTEREST. It is improper to allow interest as part of a recovery in an action for wrongful death for the period between the injury and the rendition of the verdict.   (Page 28.)

4. APPEAL AND ERROR—REVIEW—PRESUMPTIONS—INSTRUCTIONS. In an action for wrongful death an instruction, given at plaintiff's request, which is equivocal as to whether it directed or permitted the allowance of interest from the date of the injury to the rendition of the verdict, will be presumed to have been prejudicial to the defendant, in the absence of a contrary showing and requires reversal.   (Page 29.)

Frick, J., dissenting in part..

On Application for Rehearing.

5. TRIAL—VERDICT—EXPLANATION OF VERDICT. A verdict cannot be explained or controlled by affidavits of jurors that they did not add interest to the amount of recovery; such interest not being properly allowable.   (Page 31.)

For former appeal see 44 Utah, 160, 138 Pac. 398.

Appeal from District Court, Second District; *Hon. J. D. Call,* Presiding Judge.

Action by Cecillia Grow, as administratrix of the estate of Cyrus L. Grow, deceased, against the Oregon Short Line Railroad Company.

---

[1] *Teakle v. San Pedro, etc., R. R.,* 36 Utah 29; 102 Pac. 635.

Judgment for plaintiff.   Defendant appeals.

MODIFIED and affirmed upon denial of rehearing.

*P. L. Williams, George Y. Smith* and *Frank K. Nebeker,* appellant.

*J. G. Willis,* for respondent.

STRAUP, C. J.

The case was here before on plaintiff's appeal from a judgment resulting from a directed verdict in the defendant's favor. 44 Utah, 160, 138 Pac. 398. It then was remanded for a new trial. The retrial resulted in a verdict and judgment for the plaintiff. The defendants appeals. It again presents a question presented, directly involved, and decided on the former appeal, the question as to whether the deceased, at the time of the injury from which the death resulted, was employed or engaged in interstate commerce. The facts of both trials are the same. They are set forth in the former opinion. What, upon those facts, we then decided as to that question is the law of the case, binding alike upon us, the trial court, and the parties. We then held the deceased was employed in interstate commerce. Since the facts are the same, that holding, until reversed by the Supreme Court of the United States, is, as to this jurisdiction, the end of that question. *Teakle* v. *San Pedro, etc., R. R.,* 36 Utah, 29, 102 Pac. 635; 3 Words and Phrases (2d Series) p. 37; 11 Cyc. 757.

On the former appeal we held the court erred in taking the case from the jury on the ground, among others, of assumption of risk. On the retrial the defendant tendered requests to go to the jury on the theory of whether the deceased, as matter of fact, had assumed the risk. The court refused the requests, holding that there was no evidence to support such a theory. From our former holding that the court was not justified in withholding the case from the jury on that ground it does not necessarily follow that the parties were not entitled to go to the jury on such question as one of fact. We, however, based our ruling

on the ground that, upon the record, there was no element of assumption of risk involved, and that what the trial court regarded as involving an assumption of risk but involved questions of contributory negligence. For that reason do we think the question of assumption of risk was also put at rest. But should that not be true, we now, on a review of the record, hold there is no evidence on which to submit any such question to the jury; and for that reason also were the requests properly refused.

The only question of merit involved on this appeal relates to the court's charge on the question of damages. As to that the court gave this:

"You are instructed that the financial benefits which might reasonably be expected from the said Cyrus L. Grow, as the husband and father, by his widow and children, in a pecuniary way, is the measure of damages in this 3 action. Therefore, if you should believe from the evidence that the defendant was guilty of the wrongful acts and neglect charged in the complaint, and the same resulted in the death of the said Cyrus L. Grow, then the plaintiff is entitled to recover in this action, for the benefit of said widow and children, such damages as the jury may deem, from the evidence and proofs, a fair and just compensation for the loss of financial benefits they might each reasonably expect to have received from the said Cyrus L. Grow during his lifetime, if any, not exceeding in the aggregate the sum of $25,000. You are instructed that you should not assess the damages, if any you should find, in a single sum, but you should assess such damages as you believe the said widow has suffered by reason of the death of the said Cyrus L. Grow; and then you should likewise assess for each child such damages, if any, as you believe said child has suffered by reason of the death of said father, and from each of said sums deduct such sums, if any, in your opinion ought to be deducted therefrom by reason of the contributory negligence of said Cyrus L. Grow, in case you find he was guilty of any such constributory negligence. The loss to each of said persons, if any they have sustained, is to date from the day said injuries were inflicted which resulted in the death of the said Cyrus L. Grow."

The jury rendered a verdict, "assessing the damages suffered" by the widow, at $2,000; Cyrus E. Grow, $1,509.75; Esther S. Grow, $1,372.50; John W. Grow, $2,058.75; Vera C. Grow, $2,058.75—a total of $8,999.75. The complaint goes to the last portion of the charge that the loss is to date from the day the injuries were inflicted, and which resulted in Grow's death. The injuries were inflicted on the 5th of January, 1910. The deceased died that, or the next day. The verdict was rendered in June, 1914. The time between the death and the rendition of the verdict is about four and a half years. The point made is that by that instruction the jury were directed to allow interest for that period, and that interest in actions of this character is not recoverable. Counsel for respondent take two positions: (1) That interest is recoverable; and (2) that the charge is not a direction to allow interest. He has not referred us to any authority to support the first; and, while faintly intimating that the authorities make against his position, he nevertheless boldly asserts that such ought to be the law, and so should be declared. We think the rule well settled to the contrary, and that interest is not recoverable.

It is true the charge does not, in express terms, direct the jury to allow interest. The appellant has presented and argued the case on the theory that it does. The greater part of the respondent's brief, as to that point, is predicated on the same theory. The only thing stated to the contrary is this:

"However, the court's instruction does not advise the jury to assess interest charge; it but reminds of the date when loss accrued. This but stated the fact; did not prejudice."

That is all that is said to support the claim that the charge did not direct nor permit the jury to allow interest. The charge was given in the exact language requested by the respondent. Its meaning is somewhat doubtful, and equivocal. It is open to the meaning that the jury were directed, or at least permitted, to allow interest. If it means that, it is wrong. It may, however, be said that all that was intended by it was that the jury, in considering "the financial benefits," should consider, not only those lost in the future, but also those from

the time of the death to the time of the trial; that is, the earnings and benefits lost by them, not only from the time of the trial, but those also from the time of the death to the trial. If the charge means that, it is not bad. But it would seem rather idle to charge such a proposition, after having charged, as was done, that the jury should assess such damages as they believed the plaintiff suffered or sustained, "by reason of the death" of the deceased. Assuming the charge open to both meanings, we thus have an equivocation, and one where the jury may have followed either meaning, an equivocation, too, of the respondent's own creation. From that prejudice to the defeated party will be presumed until by the record it is demonstrated that it did, or could have done, no harm. That is not demonstrated.

Thus this judgment cannot stand. We have pondered over the disposition of the case. It is fair to presume the jury in allowing interest did not allow a rate greater than the legal rate, eight per cent. Upon that basis the amount awarded the widow, less interest, is $1,470.60; Cyrus E. Grow, $1,110.10; Esther S. Grow, $1,009.20; John W. Grow, $1,513.80; Vera C. Grow, $1,513.80—a total of $6,617.50. We have concluded to give the respondent the option to remit all above these amounts and take an affirmance of the judgment, with such modifications and for such amounts as of the day the judgment was entered; the election to be made in writing and filed with the clerk of this court within fifteen days from notice of this decision. If such remission be so made, neither party is given costs on this appeal. If it be not made, then the judgment is reversed, and the case remanded for a new trial, with costs to the appellant. Such is the order.

McCARTY, J., concurs.

FRICK, J.

I dissent from that portion of the prevailing opinion wherein it is held that the deceased was engaged or employed in interstate commerce at the time stated in that opinion. I shall not repeat here the reasons that impel me to dissent from that conclusion, but shall refer to my dissenting opinion

on the former appeal, which will be found in 44 Utah, 181, 138 Pac. 406.

## On Application for Rehearing.

STRAUP, C. J.

The respondent has filed a petition for a rehearing, based on affidavits of the jurors, obtained since the opinion was filed, that in computing the amount of recovery, and in rendering the verdict, they did not consider nor add anything for interest. These affidavits are not competent. A jury's verdict cannot be explained or controlled in such manner. No other ground for rehearing is urged. The rehearing is therefore denied.

The respondent filed a written acceptance of the judgment, as modified by us, in the event the rehearing is denied. So let the judgment, as and for the amounts in the opinion indicated, be affirmed. Such is the order.

FRICK and McCARTY, JJ., concur.