(76 South. 968)

**SLOSS–SHEFFIELD STEEL & IRON CO. v. CAPPS.  (6 Div. 629.)**

(Supreme Court of Alabama.  Nov. 15, 1917.)

1. MASTER AND SERVANT ☞258(10)—INJURY TO SERVANT—COMPLAINT—SUFFICIENCY.

A count alleging that it was the duty of the master to promulgate and enforce reasonable rules for the regulation of the operation of its mine in regard to letting loaded cars down the incline in the heading on the slope, etc., which duty defendant negligently failed to perform, in that it habitually permitted one man only to let down more than one car at the same time from the heading onto the slope, etc., was insufficient to state a case under the Employers' Liability Act (Code 1907, § 3910) subd. 4, making a master liable for injury to servants caused by the act of any person in the service of the master done in obedience to the instructions of the master or by one having authority to give instructions, in that it failed to allege that the act complained of, the using of one man instead of more, was done in pursuance of or in conformity with a regulation of the master or in obedience to a particular instruction or order of some one authorized by the master to instruct.

2. MASTER AND SERVANT ☞133—PROMULGATION OF RULES—DIRECTION OF DUTY.

Under Employers' Liability Act (Code 1907, § 3910) subd. 4, making a master liable for an injury to his servant caused by the act of another person in the service of the master done in obedience to the instructions of the master, etc., the master, even when a corporation, may be liable, although it has employed competent persons to promulgate rules or give instructions; the duty to promulgate rules being nondelegable.

Appeal from Circuit Court, Jefferson County; J. J. Curtis, Judge.

Action by Walter Capps against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Reversed and remanded.

Tillman, Bradley & Morrow and J. A. Simpson, all of Birmingham, for appellant. C. C. Nesmith and Horace Wilkinson, both of Birmingham, for appellee.

MAYFIELD, J. The action is by a servant against the master, to recover damages for personal injuries. A number of the counts are drawn under the state Employers' Liability Act, one count being under subdivision 1, one count under subdivision 2, one count under subdivision 4, and one count under subdivision 5 of the statute. Each of these counts, except that under subdivision 4, is sufficient, under various and oft-repeated decisions of this court. Count 5, however, is fatally defective, in that it is certain that it attempts to state a cause of action under the fourth subdivision of the statute, and fails so to do; and its defects were pointed out by demurrer. This subsection reads as follows:

"(4) When such injury is caused by reason of the act or omission of any person in the service or employment of the master or employer, done or made in obedience to the rules and regulations or by-laws of the master or employer, or

in obedience to particular instructions given by any person delegated with the authority of the master or employer in that behalf."

The count in question (omitting formal or immaterial parts) is as follows:

"It was the duty of the defendant to promulgate and enforce reasonable rules for the regulation of the operation of said mine in regard to letting loaded cars down the incline in the heading onto the slope, in that, if more than one car were let down the incline from the heading onto the slope at the same time, it was necessary that two men should be employed to control and hold back the said car, which duty the defendant negligently failed to perform; in that it habitually permitted one man only to let down more than one car at the same time from the heading onto the slope," etc.

[1] While the count alleges a duty resting upon the master to promulgate a rule as to a given matter, it utterly fails to allege whether or not any rule whatever was made or promulgated as to such matter. It utterly fails to allege fault in the making or promulgation, or in the failure to make or promulgate. The only negligence attempted to be alleged is stated as follows:

"In that it [the corporation, we assume] habitually permitted one man only to let down more than one car at the same time from the heading onto the slope."

It is not alleged that there was any rule or order directing or commanding such action or mode of action. For aught that appears, the rule or order (if any there was) prohibited such action or mode of action. In fact, construing the pleading most strongly against the pleader, even without resort to this rule, from the very language of the allegation as to negligence or fault, the negligence would seem to be ascribed to the fact that the master habitually allowed his rules and orders in this respect to be disregarded. This allegation does not make a case under this subdivision. To do so, the act complained of, the using of one man instead of two or more, under the circumstances mentioned, must be alleged to have been done in pursuance of, or in conformity with (one or both), a general rule, by-law, or regulation of the master, or in obedience to a particular instruction or order of some one by the master authorized to so order or instruct. Such is the necessary meaning and effect of the statute.

As has been pointed out by this court and others, this subsection differs from most, if not all, of the others, in that the statement of a case thereunder involves no fault on the part of the person whose act or omission caused the injury. No question as to the negligence of such person arises under this subdivision. The fault or culpability which gives the right of action under this subdivision is the impropriety of, or defect in, the master's rules, by-laws, or regulations, or that in particular instructions given by his authority. The effect of this subdivision is to make the master bound to answer for the impropriety of his rules, by-laws, or instruc-

tions, by or under which his work is done by his servants.

[2] The master, even when a corporation, which can act only by officers or agents, may be liable under this subdivision, though he has taken care to employ competent persons to formulate and promulgate rules or by-laws, or to give personal instructions. This duty is one that is nondelegable. Roberts & Wallace, Duty and Liability of Employers, pp. 280–282. The rule was stated by this court in the case of Alabama Great Southern Railroad Co. v. Cardwell, 171 Ala. 274, 284, 285, 55 South. 185, 188, as follows:

"It is only when the act or omission causing the injury is in accordance with the master's rules, by-laws, or orders that there can be liability under this subdivision. If the servant or person acts contrary to the rules, by-laws, or orders of the master, and thus causes injury, there may be liability under some other subdivision, but not under the fourth. It therefore contemplates cases in which no authority or discretion is vested in the person causing the injury. He may be an inferior or a fellow laborer of the person injured.

"This subdivision requires that the act or omission relied upon must be done or made 'in obedience to' the rules, by-laws, or instructions. If the act or omission is itself negligent, in that it did not conform to the rules, by-laws, or instructions, then, of course, there can be no liability under this subdivision. Under the other subdivisions, the master is made liable by virtue of the statute for the negligence or wrong of his servant; but under this one (subdivision 4) the master is liable because some servant acted in accordance with the rules, orders, or instructions of the master. That is, the master is liable in this case, though the servant may not be, because he acted in accordance with the rules or instructions of the master. It is the master's or vice principal's wrong in case of corporations as to rules, by-laws, or instructions as to which this subdivision imposes liability upon the master. The master is bound to answer for any impropriety in the rules or by-laws under which his business is carried on, whether there has been any negligence on his part or not, and he may be liable as for this, though he may have taken due care to employ competent persons to formulate his rules and by-laws. This subdivision presents one of the nondelegable duties of the master, to the end that a safe system for the conduct of his business is adopted and adhered to. 2 Labatt, Master & Servant, § 540."

We see nothing in this record to distinguish the tram track in question from the one considered, and held to be a "railway" within the meaning of the fifth subdivision of the Employers' Liability Act, in the case of Woodward Co. v. Lewis, 171 Ala. 233, 54 South. 566. In that case we reviewed many, if not all, of our prior decisions upon the subject, as well as decisions of other courts, and text-books, as to the meaning of the terms "railway," "way," and "railroad," in similar statutes; and it would do no good to again review them. But what was there said in conclusion on the subject is apt and conclusive here:

"The authorities all say that it is impracticable to lay down any abstract rule as to what is, and what is not, a railway. The distinction between some tramways and some

railways is very slight, while that between others is very great and marked. Whether the former may be included in the latter, in a given case must of necessity depend upon the facts of the concrete case, and not upon an abstract definition. * * *

"Looking at the subject-matter and the parties with which the act deals—that is, with the master and the servant, inter se—and the fact that the enactment is remedial, we are inclined to hold that a no more restricted meaning should be placed upon this statute than is consistent with the natural and popular sense of the word." 171 Ala. 248, 249, 54 South. 571.

The tramway in a mine, in Lewis's Case, was held to be a railway within the meaning of this statute; and there is not enough difference between the two tram tracks in question, nor between the attendant facts and circumstances, to make a distinction. If one is considered and treated as a "railway," the other ought to be. While it is true that the two cases are not identical, the differences between the two are not sufficient to really differentiate them.

It is unnecessary to decide other questions argued, as the case must be reversed, and some of the questions argued are decided because involved in other questions decided, and some may not arise on another trial.

But it is not improper for us to say now that it is very doubtful if this record shows any evidence to support the count which ascribes the injury to a failure to exercise proper diligence in lighting the mine or place in which plaintiff was put to work. We do not say that there is no evidence to this effect, because not necessary; but, as this same question may arise on another trial, we are constrained to call attention to the fact that there seems to have been no attempt to prove some material averments of this count, nor to show that, if the place was improperly or insufficiently lighted, such fault proximately contributed to the injury.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.