MARGARET BENNETT, Administrator, Appellant, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellee.

INTEREST: **Unliquidated Demand.** Interest may not be allowed, under the Federal Employers' Liability Act, on the sum found by the jury, except from the date of the verdict.

*Appeal from Lee District Court.*—HENRY BANK, Judge.

NOVEMBER 22, 1919.

APPEAL from the action of the court in refusing to allow interest on the amount of the verdict from the date of the

death to the time of the rendition of the verdict.—*Affirmed.*

*Hughes, Rankin & Dolan,* for appellant.

*Hazen I. Sawyer, Geo. J. Mersereau,* and *J. M. C. Hamilton,* for appellee.

GAYNOR, J.—Plaintiff is the widow of one Frank M. Bennett, and brings this action under the Federal Employers' Liability Act, to recover for his death. He was killed on the 12th day of July, 1915. The right to recover is predicated on negligence.

The cause was tried to a jury, and a verdict returned in favor of the plaintiff for $5,000. This verdict was returned on the 9th day of February, 1918, and on that day, judgment was entered on the verdict. On the 18th day of February, 1918, and during the same term at which the verdict was returned, the plaintiff filed a motion to correct the judgment by adding thereto interest from the date of the death up to and including the date the verdict was returned. It appears that, in submitting the case, the court did not direct the jury to allow interest on the amount found due from the time of the death up to the time of the finding of the verdict, and we assume that none was allowed. This motion to correct the judgment was overruled, and from this the plaintiff appeals.

The only question, therefore, presented for our consideration is this: In an action under the Federal Employers' Liability Act, is the plaintiff entitled to interest on the sum found by the jury from the date of the death to the time of the finding of the verdict? Reliance is had upon *Collins v. Gleason Coal Co.,* 140 Iowa 114, 124; *Bridenstine v. Iowa City Elec. R. Co.,* 181 Iowa 1124, and cases therein cited. It will be noted that these cases were not brought under the Federal Employers' Liability Act. The general rule is that interest is not recoverable upon an unliquidated de-

mand until it has been reduced to judgment. To this, however, there are exceptions, and interest may be allowed on unliquidated claims whenever it appears that the wrong and the damage are coincident in point of time, and the damage resulting from the wrong is then ascertainable. For instance, where the wrong produces death instantly, the damage to the estate is then complete, and the measure of the damage is the present worth of that which the deceased would have accumulated and saved and left to his estate if he had been permitted to live out his expectancy. Interest is then allowed, because the time when interest begins and the time to which it may be allowed are both ascertainable, and the damages, though in one sense unliquidated, are complete at a particular time, and the party damaged is entitled to receive them at a particular time. If delay is made in its payment, and suit is brought, interest may be allowed by the verdict from the date when the damage accrued to the date when the amount of the damage is definitely ascertained. An action under the Federal Employers' Liability Act does not survive in favor of the deceased, nor can an action be brought by the administrator in the interest of the estate of the deceased. The act creates a right of action in favor of the administrator against the employer for the death of the employee, when the death results from the employer's negligence, but only for the benefit of certain classes: (1) For the benefit of the surviving widow or husband or children of the employee; and (2) if none of these are living, then in favor of the employee's parents. If neither of the first two classes is found, then a right of action in favor of the next of kin who are dependent upon such employee.

In the instant case, the benefit is sought by the widow. As said in *M'Coullough v. Chicago, R. I. & P. R. Co.*, 160 Iowa 524, 528:

The Federal Employers' Liability Act "is modeled in

its principal features upon the English statute known as Lord Campbell's Act, enacted in 1846, and which, with some amendment, has been in force in England ever since. This act does not provide for a survival of the cause of action arising to the decedent in his lifetime, because of the injury which resulted in his death. It creates a new cause of action, not in favor of the estate of the deceased, but in favor of certain specified classes of beneficiaries. The cause of action is based, not upon the injury to the deceased, but upon the fact of his death by wrongful act of the defendant. The extent of damage in each case is to be measured by the pecuniary loss sustained by the particular beneficiaries, rather than by the loss to the estate of the decedent as such."

Our statute is a survival statute, and the cause of action which arose to the deceased in his lifetime is made to survive, after his death, to his administrator. The extent of damage is measured by the loss to his estate as such. The measure of damage is not made to depend upon, nor is it controlled or varied by, the identity or circumstances of the particular person or persons who may ultimately receive the benefit. It is apparent that the pecuniary loss to the particular class which seeks to avail itself of this statute is all that can be compensated for. The loss is measured by proof of previous contributions to the support of the party seeking to avail himself of the act. In this case, the wife's damage is measured by the loss of that support which she would have received from her husband had he been permitted to live out his expectancy, and of which the defendant's act deprived her. This support is dependent, not only upon the expectancy of the husband, but upon her own expectancy. Upon the death of her husband through natural causes, this must cease. Upon her own death, a right to support from her husband must also cease. The time when these contributions would be made, if deceased

were permitted to live out his expectancy, is not definitely ascertainable.   His earning capacity at the time of his death may well be considered by the jury in determining approximately what he could contribute to the support of the wife if permitted to live out his expectancy, but it does not determine how much, or when, these contributions would be made.   These contributions would, in all probability, be made at intervals during her lifetime.   It would be reasonable to suppose that some of the contributions would be made immediately, and at intervals thereafter to the end of his expectancy. How much he would contribute before the claim was reduced to judgment and how much he would contribute afterwards is a matter for the jury's estimate, based upon the evidence as to past conduct in respect to this matter.   Whatever her right to support might be, if he were permitted to live out his expectancy, that right must necessarily terminate upon her death, and in no event could it outlive the years of his expectancy. The court, in the eleventh instruction, told the jury that, in determining the amount of damage to be allowed the plaintiff, they should take into consideration the life expectancy of her husband, which, according to mortuary tables, is 21 1/3 years; also, the amount of wages he was earning at the time of his death, as indicating the amount that he would be able, if living, to have contributed to the support of his wife; and the total amount of such support to his wife during his life would be the amount the plaintiff in this case is entitled to recover.   For the purposes of this appeal, this instruction is the law of the case.

It is apparent that the court, in its instructions to the jury, directed them to allow the plaintiff such measurable sum as the evidence showed, or justified the jury in assuming, the plaintiff had lost in the way of support by reason of the untimely death of her husband.   The court did not tell the jury that they should allow the present worth

of what she would have received in the way of support, had he been permitted to live out his expectancy. Indeed, we hardly think that the present worth of what she would have received could be ascertained by the jury in any known, mathematical method of computing it. It is impossible to say, in cases of this kind, the exact date when these several sums would be received by the beneficiary. Neither the date nor the amount could be definitely ascertained. Of course, in the nature of things, when the suit is brought by the wife for loss of support, many of the sums which she would have received in the way of support could not have been received by her for many, many years after the date of his death. His expectancy was over 21 years. A portion of the sum included in this verdict would not have been received by her for 18, 19, or 20 years. The court told the jury, in its instructions, that the life expectancy of Frank M. Bennett was, according to the mortuary tables, 21 1/3 years; that they should consider the amount of wages he was earning at the time of his death, as indicating the amount he would be able to contribute to the support of his wife; and then said:

"The total amount of such support to his wife, during the lifetime of the husband, would be the amount the plaintiff in this case is entitled to recover."

Under this instruction, if the jury had found that he was contributing $400 a year to the support of his wife, and paying this annually, the last payment would not be made until 21 years after the 12th day of July, 1915. The jury was permitted to allow that amount in making up their verdict. Upon the same theory, they would allow $400 for the first year, $400 for the second, and $400 for the third. The loss, then, of pecuniary support, prior to the rendition of the verdict, could not exceed $600 or $800. The motion, however, which the plaintiff filed, asked the court to allow interest on the total sum from the date of

the death to the time of the verdict—sums, which, in the nature of things, she could not have received until long after the time of the death, had he been permitted to live out his expectancy. Nowhere did the plaintiff ask the court to give instructions upon the question of interest. The motion asked interest on the whole amount from the time of the death to the return of the verdict. This motion was properly overruled; for in no event was the plaintiff entitled to interest on any amounts included in the verdict which she would not have received before the verdict, had her husband been permitted to live out his expectancy; and for this reason alone, the ruling was right, and the case is affirmed.

In no event is the plaintiff entitled to recover interest on her unliquidated demands, before judgment is entered on those demands. If there is such a thing as an unliquidated demand, the claim made under this statute is essentially so. The amount plaintiff, as widow, is entitled to recover is such sum as the jury finds, when it comes to consider the whole case, is fair compensation to the plaintiff for the pecuniary loss which she sustains by the death of her husband; and that is measured by a review of the whole field of probabilities, involving the expectancy of the husband, the expectancy of the wife, the husband's earning capacity and ability to contribute, the probable amount he would contribute, the times when such contributions would be made, the amount, and such other facts as tended to show the probable pecuniary loss to the wife, as a proximate result of the husband's death. It will be noted that the Federal Employers' Liability Act makes no provision for interest. The authorities on the question here submitted are but few. It was directly held that interest is not allowable in *Morton v. Erie R. Co.*, 148 N. Y. Supp. 771. In that case it was said, in substance, that the Federal statute is paramount and exclusive, and that the defendant's lia-

bility may not be extended by the provisions of the state statute. No provision is made in the Federal Act for adding such interest to the verdict. The order disallowing interest was affirmed. See *Grow v. Oregon Short Line R. Co.;* 44 Utah 160 (138 Pac. 398, 150 Pac. 970). In the last-named case, the question of allowing interest on a verdict was considered, and the right denied. The time between the death and the rendition of the verdict was 4½ years.

Following the rule that interest is not allowable on unliquidated demands until reduced to judgment, the action of the court in refusing to allow interest before judgment must be and is—*Affirmed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.