(121 So. 722)

**MOBILE & O. R. CO. v. WILLIAMS.**
**(1 Div. 508.)**

Supreme Court of Alabama.    March 21, 1929.

As Modified, on Denial of Rehearing, April 18, 1929.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

244

engine foreman, of appellant, killed in the yard at Mobile.

■■ Objection is made to the complaint that it fails to show that decedent was not a trespasser, or was not at a place where defendant did not owe him the duty of ordinary care not to cause his death, and that the complaint does not show a breach of duty. The case of American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507, is cited to support this theory. That case, we think, is not in point. There the injured party was not an employé of defendant, and the occasion of his being on defendant's premises is not alleged. The complaint in the instant case alleges that deceased was an employé of defendant, and was injured while engaged under said employment. If so, defendant owed him the duty not to injure him negligently. The case of Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665, is also cited to support the theory that the complaint does not show a breach of duty, for that it does not show a knowledge of deceased's dangerous position when the car was moved. We do not agree with this objection to the complaint. In that case the injurious act was specified, to wit, a sudden jerking, such as to cause plaintiff to fall off the car. There was shown to be no duty to plaintiff not to cause the jerk without knowledge of its danger to him. The injurious act is here not specified. The complainant need not be more specific than is stated here, and the complaint is in form which we think sufficient. Southern R. Co. v. Fisher, 199 Ala. 377, 74 So. 580; Southern R. Co. v. Peters, 194 Ala. 95, 69 So. 611; Louisville & N. R. Co. v. Pettis, 206 Ala. 96, 89 So. 201; Doullut v. Hoffman, 204 Ala. 33, 86 So. 73. When the complaint shows a duty not negligently to hurt or kill one, the allegations of negligence may be stated in very general terms. Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 26 So. 349; Ala. Power Co. v. Carroll, 208 Ala. 426, 94 So. 743; Doullut v. Hoffman, supra. The complaint was not subject to the demurrer assigned.

■ The evidence tends to show that deceased was run over by a cut of 10 cars being pushed along the main switching track of defendant to the Louisville & Nashville yard to enter into a train for transportation by the Louisville & Nashville. One such car was loaded and destined, and was starting on its journey in interstate commerce. This was sufficient to make the movement one in such commerce. Alabama Great Southern R. Co. v. Skotzy, 196 Ala. 25, 71 So. 335. This situation is readily distinguishable from that described in Birmingham Belt R. Co. v. Ellenburg, 213 Ala. 146, 104 So. 269, and, therefore, the evidence tends to sustain that feature of the complaint, and appellant does not contend otherwise.

Decedent had been engaged in checking the cars which were in this cut. The movement

FOSTER, J. This is an action for damages under the Federal Employers' Liability Act (45 USCA §§ 51–59) for the death of a switch

consisted first in an assemblage of them on the main switching track, from a track eastward of it, and intersecting it on the north, by two switching movements. Decedent was last seen between the two tracks checking the cars as they stood on the east track. After the cut was made up to move, the engine was on the north and facing south, putting the engineer on the west side. An employé (McKenna, the yard foreman) was stationed on the ground on the west side to signal when ready. One Stewart was on top of the car next the engine, and another employé (Holder) was at the rear end. The evidence tended to show that Holder walked around the south end, and partly up on the other side; McKenna saw his legs under the train; that Holder did not see deceased, went back around on the west side, and climbed on top the rear car, which was a gondola or coal car; that McKenna from his position on the ground looked at the cars and gave a signal to Holder for the cars to move; Holder relayed the signal to Stewart, and he gave it to the engineer, who pushed the cars down the track and on to the Louisville & Nashville interchange track, not knowing of an accident until he reached said track. But the cars, as the evidence tends to show, just as they started, ran over deceased and cut off his head, killing him instantly. This was done apparently by the gondola car, third from the south end; all three of which were gondolas. No one admits seeing the accident, but the evidence tends to show it was on the west rail, next to where McKenna was standing, who testified he looked at that point and saw no one. It is only an inference as to what deceased was doing, or how he got under the cars.

Defendant claims the affirmative charge, first, because such facts do not show that deceased was engaged under his employment in interstate commerce at the time, and, second, because no negligence is shown in operating the cars, proximately causing the accident. We cannot agree with appellant in either respect. Deceased was foreman of the switch engine, and it was his duty to check and inspect the cars before they left. He was last seen engaged in that duty, and his record shows he had not finished it. The fact, even if there were drawn an inference to that effect, that there was a temporary lull in respect to this work, would not necessitate a finding that he was not engaged in such employment. Alabama Great Southern R. Co. v. Skotzy, supra. But there was no evidence of a temporary lull or that he had for one moment ceased to engage in his work about said cars. If he was negligent in going under the cars, or climbing on them, this does not necessarily defeat a recovery, or entitle defendant to the affirmative charge. Southern R. Co. v. Peters, supra; Southern R. Co. v. Fisher, supra; Alabama Great Southern R. Co. v. Skotzy, supra. Of course if deceas-

ed at the time of the accident was outside the scope of his employment in connection with said interstate movement, he cannot recover. Louisville & N. R. Co. v. Pettis, 206 Ala. 96, 89 So. 201; 39 C. J. 840, 841. It is said: "If the plaintiff were going from his regular position * * * to discharge some duty required by the nature of his employment" (Wilson v. Louisville & N. R. Co., 85 Ala. 273, 4 So. 703), or doing something in furtherance of his duties (Rochester-Hall Drug Co. v. Bowden [Ala. Sup.] 118 So. 674 [1]), he was not outside the scope of his employment. This also extends to acts committed in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned him. Palos Coal Co. v. Benson, 145 Ala. 664, 39 So. 727. This was properly submitted to the jury. Mobile & O. R. Co. v. Hedgecoth, 215 Ala. 291, 110 So. 44; Louisville & N. R. Co. v. Pettis, supra.

We also think that the question of negligence of defendant's servant McKenna or Holder in not seeing the dangerous position of deceased, or, if seeing his danger, in giving the forward signal, was for the jury. Deceased was necessarily under the cars, or on one of them or between them at the time; and McKenna testified he could see the entire cut. Both McKenna and Holder had been looking about and under and between the cars, and McKenna was doing so when he gave the signal. The question of negligence was therefore for the jury, and neither party was entitled to an affirmative instruction, though they both claim that it was due them, respectively. We do not think the circumstances causing the death of deceased are too vague to submit to the jury the question of negligence. The jury could infer that deceased was killed by the third to the last car, on the west rail, on the side next to McKenna; that he was performing some duty of his employment as to these cars; that, though McKenna swears he did not see deceased as the cars started, he also says he could see to within 10 feet of the end, and could have seen deceased unless he was behind the wheels. He then gave the forward signal to Holder who had been around to the south end of the cars, and whose legs under them McKenna saw. Did they see deceased, if not, why not? We do not think the court erred in charging the jury that, before giving an order to move the cars, due care should be observed to see and know that no person engaged in the movement was in position of danger. Southern R. Co. v. Shelton, 136 Ala. 215, 34 So. 194; Shirley v. Southern R. Co., 198 Ala. 102, 73 So. 430.

Appellee also insists that negligence is affirmatively shown in moving the cars without the air brakes being connected. It was shown they were not connected to the cars, but that the engine was well equipped in that

respect, and that they were in good condition. Appellee claims that the cars being moved constituted a train in the meaning of section 1, title 45 (Railroads) of U. S. Code (45 USCA § 1). We do not find it necessary to examine this question. Assuming it to be a train movement, we conclude that under no aspect of the evidence could the condition of the brakes have effected or proximately caused the accident. No one claims to have seen the accident or tried to stop the cars in this movement, or that a failure to do so caused the accident. St. Louis & S. F. R. Co. v. Conarty, 238 U. S. 243, 35 S. Ct. 785, 59 L. Ed. 1290; Louisville & N. R. Co. v. Napier, 223 Ky. 417, 3 S.W.(2d) 1070; Watson v. Georgia Southern & F. R. Co., 36 Ga. App. 452, 136 S. E. 921. The court should have given refused charges 25 and 32.

Appellee also insists that there was negligence in the operation of a car by the failure to promulgate certain rules as to making of inspections to determine the dangerous position of employés. Such failure, if true, is not negligence in the operation of cars. It is customary to lay a breach of such duty in the complaint. Sloss-Sheffield Steel & Iron Co. v. Capps, 200 Ala. 610, 76 So. 968; Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906. We think a count making such charge is necessary. 39 C. J. 929. Therefore the court erred in giving charge 7, and the absence of such rule cannot support the charge of negligence in the complaint.

Charge 18, if not otherwise faulty, is argumentative and misleading.

Refused charges 30–33 invade the province of the jury.

Refused charge 38 was not applicable to the issues made by the pleadings in the case, and was abstract.

By charges 9 and 17, given for appellee, and in his oral charge, the court instructed the jury that an element of damage was such accumulations of decedent, derived from his earnings, as his dependents may have *inherited* at his death, had he not been killed, in addition to such benefits as they would have received from him during his lifetime. By refusing charge 10 for appellant the court declined to charge the reverse of this proposition. Our conclusion is that this was error.

In the case of Louisville & N. R. Co. v. Stewart, 241 U. S. 261, 36 S. Ct. 586, 60 L. Ed. 989, the trial court instructed the jury that they could find, if anything, "such a sum as will fairly compensate his estate for his death." It was said this instruction was given "in forgetfulness that the case arose under the act of Congress."

In the case of Dooley v. Seaboard Air Line R. Co., 163 N. C. 454, 79 S. E. 970, L. R. A. 1916E, 185, the trial court charged the jury that "the measure of damages for loss of life * * * is the present value of his net income, * * * ascertained by deducting the cost of living and expenditure from his net gross income," etc. The court said: "The rule for the assessment of damages * * * is erroneous as applied to the Federal Employers' Liability Act, as construed by the Supreme Court of the United States." The court cites American R. Co. of Porto Rico v. Didricksen, 227 U. S. 145, 33 S. Ct. 224, 57 L. Ed. 456, to the effect that "the damages recoverable are limited to such loss as results to them [dependents] because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employee. The damage is limited strictly to the financial loss thus sustained." It also quoted from Gulf, C., etc., R. Co. v. McGinnis, 228 U. S. 175, 33 S. Ct. 427, 57 L. Ed. 786, as follows: "The recovery must therefore be limited to compensating those relatives for whose benefit the administrator sues, as are shown to have sustained some pecuniary loss." This view is in accord with the case of Chesapeake & O. R. Co. v. Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367, and other cases cited on page 352, vol. 45 U. S. C. A. (Railroads), and a late case of Yazoo & M. V. R. Co. v. Decker, 150 Miss. 621, 116 So. 287.

We are cited by appellee to cases which we think do not apply. Tutwiler Coal, Coke & Iron Co. v. Enslen, 129 Ala. 336, 30 So. 600, was a suit under the Alabama Employers' Liability Act (Code 1923, §§ 7598–7601), and the suit was for the benefit of his distributees and not dependents. To the same effect is the case of Louisville & N. R. Co. v. Morgan, 114 Ala. 449, 22 So. 20. In the case of Reiter-Connolly Co. v. Hamlin, 144 Ala. 192, 40 So. 280, and especially McAdory v. Louisville & N. R. Co., 94 Ala. 272, 275, 10 So. 507, it was pointed out that the Alabama statute was for the benefit of distributees, as well as dependents, and the damages were to be distributed according to the statute of distribution, and, therefore, they should be calculated in reference to the reasonable expectation of benefit by the dependents and distributees from the continuance of the life. So that by such statute, if the income exceeds the outlay, resulting in accumulations for the distributees, such accumulations are taken into the account. Bromley v. Birmingham M. R. Co., 95 Ala. 397, 406, 11 So. 341; Alabama Co. v. Brown, 207 Ala. 18, 92 So. 490; Irwin v. Alabama Fuel & Iron Co., 215 Ala. 328, 110 So. 566.

But the federal act only applies to dependents. The federal cases cited by appellee are not in conflict with the idea we have expressed—Louisville & N. R. Co. v. Holloway, 246 U. S. 525, 38 S. Ct. 379, 62 L. Ed. 867; Mich. Cent. R. Co. v. Vreeland, 227 U. S. 71, 33 S. Ct. 192, 57 L. Ed. 417—but rather in accord with it.

Charges 17 and 9 are bad, for the further reason that they do not take into account any annual depletion of the principal of

the fund. It must be such an amount as will each year, *by taking a part of the principal* and adding it to the interest, yield the required amount.

In ascertaining the present cash value of future benefits of which the beneficiaries were deprived by the death, adequate allowance must be made for the earning power of money. While our case of Reiter-Connolly v. Hamlin, supra, assumed that, so far as the Alabama statute was concerned, the interest basis should be the legal rate of 8 per cent., a different rule has been fixed by the United States court. The rule there fixed is that the present value of money is dependent upon the present earning power of money. This may not be the legal rate. The future earning power cannot be foretold, and therefore the present must be the basis. Chesapeake & O. R. Co. v. Kelly, supra; Chesapeake & O. R. Co. v. Gainey, 241 U. S. 494, 36 S. Ct. 633, 60 L. Ed. 1124. This rule was in effect observed by this court in Birmingham Belt R. Co. v. Hendrix, 215 Ala. 285, 110 So. 312.

Charge 15½, refused appellant in this connection, is in the language of an instruction held good in Gulf, C. & S. F. R. Co. v. Mosler, 275 U. S. 133, 48 S. Ct. 49, 72 L. Ed. 200, wherein the United States Supreme Court reversed a case for a failure to give this charge, based upon the Kelly and Gainey Cases, supra, and it should have been given by the trial court.

In charge 14, given for appellee, the court instructed the jury that, if they find for plaintiff, the amount of damages should be ascertained as of a date immediately after the appointment of an administrator, and, to the amount so found, interest at 8 per cent. per annum should be added from the date suit was filed to the rendition of their verdict. This question has been considered in some of the state courts, but, we find none in the federal courts. In Bennett v. Atchison R. Co., 187 Iowa, 897, 174 N. W. 805, the direct question was considered, and held that, in view of the fact that the damages were unliquidated until judgment, and no provision is made for interest in the statute, and following Norton v. Erie R. Co., 163 App. Div. 468, 148 N. Y. S. 771, interest should not be allowed until judgment. In a more recent case of Leitch v. Chesapeake & O. R. Co., 97 W. Va. 498, 125 S. E. 370, the question was involved. The court likewise referred to the fact that no interest was provided in the federal act, but that a federal statute provides only for interest on judgments, but does not exclude the power of the several states to include interest from the date of the verdicts, as distinguished from judgments. The court sustained interest from the verdict. Our statute provides for interest from date of judgments, not verdicts. Section 8565, Code. Charge 14 was therefore erroneous in respect to interest.

Given charge 2 for appellee is confusing, and not a clear statement of the rule prescribed for measuring the damages. On another trial the charge ought to be refused. The court should not use any definite figure indicating the life expectancy of deceased. The mortuary table is only evidence, but does not furnish a rule.

Charges 3 and 15 we think should not have been given. The negligence referred to was not confined to the operation of the cars as alleged in the complaint, and appellee was contending for liability based on other acts of negligence—such as the failure to promulgate rules, and the failure to make air connections. It may be that such charges under some circumstances would not be injurious, as where only one theory of negligence is claimed in the complaint and in the argument.

Charges 5 and 10, given for appellee, we think, should not be the predicate for error.

The circumstance which occurred during the progress of the trial, and was the predicate of a motion to withdraw the case from the jury, and, after verdict, for a new trial, need not be considered, as it will probably not occur on another trial.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, J. We cannot agree with appellee on rehearing that interest before judgment is recoverable on the amount of the damages fixed by the jury. We think the Federal Employers' Liability Act (45 USCA §§ 51–59) precludes us from so agreeing, assuming that one element of the claim may not sound in damages merely. Such act is paramount and exclusive, and the defendant's liability cannot be extended by any state statute or rule of construction. St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 33 S. Ct. 651, 57 L. Ed. 1129; Mondou v. N. Y., N. H. & H. R. Co., 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Taylor v. Taylor, 232 U. S. 363, 34 S. Ct. 350, 58 L. Ed. 638; Laughlin v. Kansas City Southern R. Co., 275 Mo. 459, 205 S. W. 3; Norton v. Erie Ry. Co., 163 App. Div. 468, 148 N. Y. S. 771; Id., 83 Misc. Rep. 159, 144 N. Y. S. 656. There is no provision for interest in the federal act, nor otherwise provided by federal law or federal court construction. But, if we should admit that state statutes and judicial construction allowing interest on certain unliquidated demands have effect here, the result would not be different.

The Supreme Court of Iowa, in the case of Bennett v. Atchison Ry. Co., 187 Iowa, 897, 174 N. W. 805, heretofore referred to, has stated its conclusion that interest before judgment should not be added to the compensation awarded dependents of decedents in such cases, using the following language:

248

"In no event is the plaintiff entitled to recover interest on her unliquidated demands before judgment is entered on those demands. If there is such a thing as an unliquidated demand, the claim made under this statute is essentially so. The amount plaintiff, as widow, is entitled to recover is such sum as the jury finds, when it comes to consider the whole case, is fair compensation to the plaintiff for the pecuniary loss which she sustains by the death of her husband, and that is measured by a review of the whole field of probabilities, involving the expectancy of the husband, the expectancy of the wife, the husband's earning capacity and ability to contribute, the probable amount he would contribute, the times when such contributions would be made, the amount and such other facts as tended to show the probable pecuniary loss to the wife as a proximate result of the husband's death. It will be noted that the Federal Employers' Liability Act makes no provision for interest. The authorities on the question here submitted are but few. It was directly held that interest is not allowable in Norton v. Erie Ry. Co., reported in 163 App. Div. 468, 148 N. Y. S. 771. In that case it was said, in substance, that the federal statute is paramount and exclusive, and the defendant's liability may not be extended by the provisions of the state statute. No provision is made in the federal act for adding such interest to the verdict. The order disallowing interest was affirmed. See Grow v. Oregon Short Line, first reported in 44 Utah, 160, 138 P. 398, Ann. Cas. 1915B, 481, and again in 47 Utah, 26, 150 P. 970. In the last case the question of allowing interest on a verdict was considered, and the right denied. The time between the death and the rendition of the verdict was 4½ years."

Where damages for the destruction or injury to property have an ascertainable money value it is proper to add to the damages interest from the date when the injury was done. Atlanta & B. Air Line Ry. v. Brown, 158 Ala. 607, 48 So. 73; Fuller v. Fair, 202 Ala. 430, 80 So. 814; Birmingham Mineral R. Co. v. Tennessee Coal, Iron & Railroad Co., 127 Ala. 138, 147, 28 So. 679; Sharpe v. Barney, 114 Ala. 361, 362, 363, 21 So. 490; Brooks v. Rogers, 101 Ala. 112, 126, 13 So. 386. It is often stated that interest is not allowed on unliquidated demands. Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789. But this is not in all cases an accurate statement, for upon unliquidated demands interest is allowed before judgment when (a) the amount is capable of ascertainment by mere computation (17 C. J. 817; Stoudenmeier v. Williamson, 29 Ala. 558; Demotte v. Whybrow [C. C. A.] 263 F. 366; Hart v. Am. Concrete Steel Co. [D. C.] 278 F. 541, and the Alabama cases last above cited); and (b) "whenever it appears that the damage was complete at a particular time and is to be determined as of such time in accordance with

fixed rules of evidence and known standards of value" (17 C. J. 820; Atlanta & B. Air Line Ry. v. Brown, supra, and authorities cited above). The term "sounding in damages merely," in the statutory law of set-off by section 10173, is where the law does not furnish an accurate pecuniary standard of measuring them, when the facts are established. This applies to damages for mental and physical pain. Alabama Great Southern A. Co. v. Flinn, 199 Ala. 177 (18), 74 So. 246; Montgomery & E. Ry. Co. v. Mallette, 92 Ala. 209, 9 So. 363; 17 C. J. 925.

Another principle is that interest is not allowed on damages arbitrarily fixed by statute in the nature of a penalty, and not intended accurately to measure the compensation or punishment for which it is awarded. Jean v. Sandiford, 39 Ala. 317. The rule for measuring the damages under the federal statute is, as we have pointed out, quite similar in the respect with which we are now concerned to that under the Alabama Employers' Liability Act (section 7598, Code). In the case of Nevers Lumber Co. v. Fields, 151 Ala. 367, 44 So. 81, this court stated that "the action *sounds in damages* for negligently causing the death of plaintiff's intestate; the complaint being based on the first subdivision of the Employers' Liability Act." We have found no case in Alabama where interest was allowed on such a claim. (We cited the leading cases in our former opinion.)

Under the Alabama law, physical and mental pain and suffering are not recoverable; whereas under the federal act they are recoverable in the same action with damages for financial loss by dependents, if there was conscious suffering by deceased before his death on account of the injury inflicted by defendant. Birmingham Belt R. Co. v. Hendrix, 215 Ala. 285, 110 So. 312; Great Northern R. Co. v. Capital Trust Co., 242 U. S. 144, 37 S. Ct. 41, 61 L. Ed. 208; 45 USCA pp. 372, 541. In the case of instantaneous death, the beneficiaries are entitled to their pecuniary loss, and nothing more. 45 USCA p. 544.

There could be no contention, we think, but that the claim sounds in damages merely, and interest is not recoverable when physical and mental pain is an element. 17 C. J. 820. In the instant case there is no claim for such pain. In view of the many cases in Alabama under the state Employers' Liability Act, and that in none of them was the subject of interest referred to or recovered, so far as we know, and the statement of the nature of such claim in Nevers Lumber Co. v. Fields, supra, and what appears to have been the uniform application of the act in this respect, we feel that this court should not apply to the federal act a different construction, when no other court has done so, though we fully recognize the force of the argument that, in cases where there is no claim for pain, the law furnishes the formula for ascertaining the damages, and fixes the amount when the

jury finds the facts upon which the formula may operate, and the computation made. The authorities on this subject, as applied to damages in the federal act, are very few, and we cited all we could find in the first opinion, and no others have been referred to in briefs.

But we feel, in line with those cases, as we stated before, that, as there is no provision for interest by the federal statute or court decision, and that federal law and federal court decisions are paramount and controlling in this cause of action, and as interest is a creature of statute or judicial construction, or contract (Atlanta & B. Air Line Ry. v. Brown, supra, page 619 of 158 Ala. [48 So. 73]), liability for interest before judgment may not be extended to damages under the federal act, by state statute or judicial construction by state courts.

For the foregoing reasons, we are constrained to overrule the application of appellee for rehearing. We also, without further discussion, decline to modify the opinion in the respect for which appellant has applied.

Application for rehearing overruled.