# CHESAPEAKE & OHIO RAILWAY COMPANY *v.* GAINEY, ADMINISTRATOR OF DWYER.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 453. Submitted April 19, 20, 1916.—Decided June 5, 1916.

*Minneapolis & St. Louis R. R.* v. *Bombolis*, ante, p. 211, followed to the effect that the Seventh Amendment does not apply to actions brought in the state courts under the Federal Employers' Liability Act.

*Chespeake & Ohio Ry.* v. *Kelly*, ante, p. 485, followed to the effect that in estimating the amount of damages recoverable under the Employers' Liability Act, the interest bearing capacity of a present award must be considered; and the whole loss sustained by the beneficiaries during the period that the benefits cover cannot be included in the verdict without rebate or discount.

162 Kentucky, 427, reversed.

THE facts, which involve the application of the Seventh Amendment to cases in the state court under the Employers' Liability Act, the construction of that act, and the validity of a judgment thereunder, are stated in the opinion.

*Mr. E. L. Worthington, Mr. W. D. Cochran, Mr. Le-Wright Browning* and *Mr. P. K. Malin* for plaintiff in error.[1]

*Mr. R. S. Dinkle* and *Mr. Watt M. Prichard* for defendant in error:

Complaint that certain phraseology used in the measure of damage instruction was misleading is without merit, because it is evident that plaintiff in error was not prejudiced thereby.

Present cash value theory is not correct in principle and has never been sanctioned by the Supreme Court of the United States or lower Federal courts. *C. & O. Ry. Co.* v. *Kelly's Admr.,* 160 Kentucky, 296.

There was no substantial error in the measure of damage instruction, as a consideration of it as a whole shows clearly that the jury were limited to finding the "pecuniary loss" to the dependent beneficiary.

If errors were in the measure of damage instruction, same were invited by plaintiff in error and were not properly preserved as ground of error either under the state practice or the practice of this court. *L. & N. Ry. Co.* v. *Woodford,* 153 S. W. Rep. 722; 156 Kentucky, 398; *Patterson* v. *Moss,* 97 S. W. Rep. 397; 30 Ky. L. R. 10; *L. & N. Ry. Co.* v. *Wilkin's Guardian,* 136 S. W. Rep. 1024; *L. & N. Ry. Co.* v. *Simrall's Admr.,* 127 Kentucky, 55; 104 S. W. Rep. 1011; *Loughridge* v. *Baugh,* 118 S. W. Rep. 321; *Burdette* v. *Mullin's Exr.,* 110 S. W. Rep. 855; *Ill. Central Ry.* v. *Skaggs,* 240 U. S. 66.

MR. JUSTICE PITNEY delivered the opinion of the court.

This was an action under the Employers' Liability Act of Congress of April 22, 1908, as amended April 5,

---

[1] See note on p. 212, *ante.*

1910 (c. 149, 35 Stat. 65; c. 143, 36 Stat. 291). It was brought to recover damages for the death of Richard Dwyer, caused by the negligence of the railroad company, while he was in its employ in interstate commerce. The sole beneficiary was decedent's widow, who originally qualified as administratrix and brought the action, but has died since the allowance of the present writ of error.

Laying aside a contention based upon the Seventh Amendment to the Federal Constitution, which has been disposed of in *Minneapolis & St. Louis R. R.* v. *Bombolis, ante,* p. 211, the only question raised relates to the method adopted in ascertaining the damages. The jury returned a verdict for $16,000. On appeal to the Kentucky Court of Appeals it was insisted that this amount was grossly excessive, and was the result of erroneous instructions to the jury. It was contended that the verdict of $16,000 if placed at interest would yield an annual income greater than the amount the widow would have received had she lived, and would yet leave her the principal to dispose of at the time of her death. The court overruled this contention, on the authority of *Ches. & Ohio Ry.* v. *Kelly's Admx.,* 160 Kentucky, 296, where the same court held that in such a case the whole loss is sustained at the time of intestate's death, and is to be included in the verdict without rebate or discount. A reading of the opinion of the Court of Appeals in the present case (162 Kentucky, 427) makes it evident that it was only upon this theory that the court was able to reach a conclusion sustaining the verdict. Since we have held, in *Ches. & Ohio Ry.* v. *Kelly, Admx.,* this day decided, *ante,* p. 485, that the theory is erroneous, it results that the judgment here under review must be

*Reversed and the cause remanded for further proceedings not inconsistent with this opinion.*