## GULF, COLORADO & SANTA FE RAILWAY COMPANY v. MOSER, ADMINISTRATRIX.

### CERTIORARI TO THE COURT OF CIVIL APPEALS, THIRD SUPREME JUDICIAL DISTRICT, STATE OF TEXAS.

No. 53.  Submitted October 19, 1927.—Decided November 21, 1927.

1. In computing the damages recoverable under the Federal Employers' Liability Act by a dependant who has been deprived of future benefits through the death of a railroad employee, the principle of limiting the recovery to compensation requires that adequate allowance be made, according to circumstances; for the earning power of money; in short, that when future payments or other pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only.  P. 136.

2. This interpretation, heretofore approved by this Court, has become an integral part of the statute, and should be followed in the state courts.  P. 136.

3. Refusal of a request for an instruction to the jury on the reduction of such future benefits to present value by deduction of interest at the highest rate that the testimony showed could be had on money safely invested and secured,—*held* erroneous.  P. 135

277 S. W. 722, reversed.

CERTIORARI, 271 U. S. 655, to a judgment of the Court of Civil Appeals of Texas sustaining a recovery of damages in an action under the Federal Employers' Liability Act.  The Supreme Court of Texas refused a writ of error for want of jurisdiction, 277 S. W. 722.

*Messrs. Lawrence H. Cake, J. W. Terry,* and *Charles K. Lee* for petitioner.

*Mr. A. L. Curtis* for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Mrs. Moser, administratrix of her husband's estate, brought suit under the Federal Employers' Liability Act

(c. 149, 35 Stat. 65; c. 143, 36 Stat. 291) to. recover damages consequent upon his death while employed by. petitioner as a brakeman. The point for consideration is whether the trial court. charged the jury concerning estimation of damages according to the rule approved by this. Court.

The cause went to the jury upon special issues framed as ·questions. Answers ·thereto constitute ·the verdict. Relevant parts of Special Issue No. 7 follow—

" Regardless of what your answers may be to the questions submitted in this charge, you will assess damages, and you will arrive at the amount thereof by assessing the same at such sum of money as if paid in cash at this time would be sufficient to fairly compensate the surviving wife and child for such actual pecuniary loss as you may believe from the evidence that they had a reasonable expectation of receiving from said John H. Moser, if any, from and after the death of the said John H. Moser, if he had not died on the date alleged. By pecuniary loss is meant such loss as may be compensated for in money. In answering special issue No. 7, you will take into consideration the contribution of money and other pecuniary benefits, if any, which the evidence may show that said surviving wife and child would have received from him after the time of his death, if he had continued to live; . . . In assessing the damages, if any, you will confine yourselves solely to the determination of the pecuniary and monetary interest, if any, that the plaintiff and her child had in the continued life of deceased. . . .

" Bearing in mind the foregoing definitions and instructions on the measure of damages, you will answer special issue No. seven.

" What amount of money, if paid now, will fairly and reasonably compensate the surviving widow and child of the deceased, John H. Moser, for the actual pecuniary loss which they respectively suffered by reason of his

death, if any?  This question you will answer by stating the aggregate amount of such pecuniary loss or damage, and you will answer in the space below the amount you find from the evidence."

Petitioner seasonably objected to the charge as "generally too broad and not definite and specific enough and the jury should be limited in their consideration of the measure of damages, and the damages to be awarded, and should be further and more in detail instructed as to matters they can consider and the way their verdict should be arrived at more fully shown and in line with defendant's requested charges on the issue of damages." Also to Special Issue No. 7 because "it does not give the jury any rule or formula by which the jury may determine the amount of money that if paid now will fairly and reasonably compensate the surviving widow and child for the actual pecuniary loss." And it requested the following special instruction.

"In considering of your verdict on the question of damages, and under the special issues submitted to you in that connection, and thereunder in determining 'such sum of money as if paid in cash at this time would be sufficient to fairly compensate the surviving wife and child,' for their pecuniary loss, you are instructed that in determining the present value of such contributions as plaintiff would probably have received from the continued life of the deceased you will make your calculations on the basis of the amount of your award, bearing interest at the highest net rate of interest that the testimony shows can be had on money safely invested, and secured as shown by the testimony in this case."

This action sufficed to raise the point now presented. Refusal to grant the request was material error.

*Chesapeake & Ohio Railway Company* v. *Kelly,* 241 U. S. 485, 491, and *Chesapeake & Ohio Railway Company* v. *Gainey,* 241 U. S. 494, announce the applicable rule.

In the first, we distinctly stated that " in computing the damages recoverable for the deprivation of future bene- fits, the principle of limiting the recovery to compensation requires that adequate allowance be made, according to circumstances, for the earning power of money; in short, that when future payments or other pecuniary benefits are to be anticipated, the verdict should be made upon the basis of their present value only." The interpretation approved by us has become an integral part of the statute. It should be accepted and followed.

The judgment below is reversed; and the cause will be remanded to the Court of Civil Appeals, Third Supreme Judicial District, State of Texas, for further proceedings not inconsistent with this opinion.

*Reversed.*