143 So. 904

### ALABAMA GREAT SOUTHERN RY. CO. v. NORRELL.

#### 7 Div. 86.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 3, 1932.

504

Hugo L. Black and W. C. Dalrymple, both of Birmingham, for appellee.

Goodhue & Lusk, of Gadsden, for appellant.

THOMAS, J.

The suit was upon count 5, by the administrator of the deceased, for death from personal injury, the result of a head-on collision between two of defendant's motorcars engaged in interstate commerce. Special damages were claimed for "the loss of the care, attention, instruction, training, advice and guidance which they would have received during their minority from their father, Robert Norrell, if he had not been killed as aforesaid." The defendant's pleas were the general issue and assumption of risk.

The complaint, alleging that deceased was an employee of defendant and engaged in the discharge of his duties as such, was not subject to the demurrer directed thereto. Defendant owed him the duty not to injure him negligently. Mobile & O. R. Co. v. Williams, 219 Ala. 238, 121 So. 722; Id., 221 Ala. 402, 129 So. 60; Louisville & N. R. Co. v. Parker, 223 Ala. 626, 138 So. 231.

The oral charge of the court states the respective positions and their claims as given statement in the pleadings. When the whole of the oral charge is considered, there is no reversible error in the portion to which exception was reserved. The jury were instructed, under that pleading and the evidence, as follows:

"* * * They say and the plaintiff alleges that as a proximate consequence of the negligence on the part of the company or its employees, this deceased man lost his life, and they claim in this complaint they are entitled to damages to compensate the widow and the minor children for the loss of his services, his care and protection and support he gave to them. This is in substance, gentlemen of the jury, the charge they make here in this complaint. * * *

"In a general outline, gentlemen of the jury, upon which damages may be based, is as follows: you may take into consideration the age, the help, the expectancy of the life of the deceased, his earning capacity, his care, his mode of treatment toward his family, and the amount he contributed out of his wages to them for their support in determining what the plaintiff would be entitled to. Not only that, gentlemen of the jury, but you may take into consideration the care and training he might have given his minor children during their minority in determining and estimating the amount of recovery."

When referred to the pleading and evidence the fact that at one point in the charge the trial court used the word "family," yet the context was such as to be understood to mean "widow and minor children" for whom only the damages were sought under the Federal Employers' Liability Act (45 USCA §§ 51–59). The charge of the court was within the rule of the cases. Louisville & Nashville R. R. Co. v. Fleming, 194 Ala. 51, 69 So. 125; Louisville & N. R. Co. v. Porter, 205 Ala. 131, 87 So. 288; Louisville & N. R. Co. v. Parker, 223 Ala. 626, 138 So. 231, and authorities there cited, State and Federal; Norfolk & Western Railway Co. v. Holbrook, Adm'x, 235 U. S. 625, 35 S. Ct. 143, 59 L. Ed. 392; Louisville & Nashville Railroad Co. v. Holloway, 246 U. S. 525, 39 S. Ct. 379, 62 L. Ed. 867; Chesapeake & Ohio Railway Co. v. Kelly, as Adm'x, 241 U. S. 485, 494, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367; Michigan Central Railroad Company v. Vreeland, Adm'r, 227 U. S. 59, 33 S. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; Gulf, Colorado & Santa Fe Railway Co. v. Moser, 275 U. S. 133, 48 S. Ct. 49, 72 L. Ed. 200.

It is declared that the damages recoverable under the Federal Employers' Liability Act by an administrator are limited to the present value of pecuniary benefits to which dependents [in this case the widow and minor children] are entitled, and the charge of the court permitting the jury to award damages based upon the amount the deceased contributed out of his wages to his family [other adult children], if not limited to dependents, would be affirmative error. L. R. A. 1916E, 159, note; Southern Railway Co. v. Vessell, 192 Ala. 440, 68 So. 336, Ann. Cas. 1917D, 892; Gulf, Colorado & Santa Fe Railway Co. v. Moser, supra. However, when the whole charge is considered, the jury were instructed in the oral charge as indicated and by given charge 1 as follows: "If you find for plaintiff in this case under the evidence and the charge of the Court, you may take into consideration in determining the amount of damages to be awarded, the care, attention, instruction, training, advice, and guidance, which one of decedent's disposition, character, habit, intelligence and devotion to his parental duties or indifference thereto, as shown by the evidence, would reasonably be expected to give to his infant children during

their minority, and the pecuniary benefits therefrom to said children, and include the pecuniary value of the same in the damages assessed." This made the matter plain to the jury.

This is to say, the trial was had on count 5 of the complaint, charging that the deceased left surviving him a widow, Mrs. Mary Norrell, and dependent children, Ostella Norrell and Harry Norrell, and asking for additional and special damages for the loss of the care, attention, instruction, training, advice, and guidance which the minor children would have received during their minority from their father, Robert Norrell, if he had not been killed as aforesaid. The jury had this count with them, and the court in the beginning of the oral charge limited the recovery to compensation in damages for the widow and minor children, as claimed; and, as stated, the use [by the court] of the word "family" was but to be referred to the dependent members of the family, to wit, the minor children during minority, and the widow. The charge was self-correcting as to the word employed. Charge 1, given at the request of the plaintiff, made the instruction clear, and that charge has been held good by this court. Alabama Great Southern R. Co. v. Cornett, 214 Ala. 23, 29, 106 So. 242. The jury had a right to award damages to the children for the loss of the care, attention, instruction, training, advice, and guidance which one of decedent's disposition, character, habit, intelligence, and devotion to his parental duties, or indifference thereto, as shown by the evidence, would be reasonably expected to be given by that father to his infant children during their minority, and also the pecuniary benefits therefrom to said children; such helps are estimated and included in the pecuniary value of the same in the damages assessed. This was not double damages. Louisville & N. R. Co. v. Parker, supra.

The case cited by appellant, Gulf, Colorado, & Santa Fe Railway Co. v. Moser, Adm'x, 275 U. S. 133, 48 S. Ct. 49, 72 L. Ed. 200, is not in point for the reason that the charge in that case was seasonably objected to and the defendant requested special instruction or charge correctly stating the rule, and the refusal of the correct written charge by the court was held error. In the instant case, appellant sought no special charge, but seeks to put the court in error on a general exception to the instruction given, which was self-explanatory or corrective as to the use of the word "family." In such a case the mortality tables are not absolute guides of the judgment and conscience of the jury. The courts take judicial knowledge of mortality tables. Louisville & N. R. Co. v. Parker, 223 Ala. 626, 138 So. 231; Chesapeake & Ohio Railway Co. v. Kelly, as Adm'x, 241 U. S.

485, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367; Louisville & Nashville Railroad Co. v. Holloway, 246 U. S. 525, 39 S. Ct. 379, 62 L. Ed. 867; Alabama Great Southern R. Co. v. Cornett, 214 Ala. 23, 29, 106 So. 242.

The intestate was running his car under control, and had instructed the man operating the car to run under control and to keep a lookout. Appellant makes the point in his argument that Norrell was invading the section of Section Foreman Hopper. This is not borne out by the evidence when considered from the standpoint of the superior order given him to go fix the bridge in that division. That is, Norrell was going to a bridge on his assigned territory. He had been a foreman for twenty-two to twenty-three years. The bridge which was out of repair was in Hopper's section and was at the south end thereof, closer to Rising Fawn than Trenton. Norrell had been moved to Rising Fawn the evening before and his work was to repair this bridge. The fact that the bridge was out of repair and was on Hopper's section would authorize the jury to infer or raise a presumption that Hopper should have known that men might be working on it in that repair. There was no evidence that Norrell was guilty of any negligence in the violation of a rule or order. The proximate cause of Norrell's death was the violation by Hopper of the rules of the company in running his car at an excessive rate of speed, and not having his car under control at the time and place and under the circumstances of the collision. The evidence shows that decedent's car was proceeding under control and at a low rate of speed [7 to 15 miles per hour], and that the other or colliding car was proceeding at a very high rate of speed [35 or 40 miles per hour] under the circumstances of blinding or obscuring fog; decedent was sitting in his motorcar on the left side behind two of his men, Jacoway and Peek [Peek was operating the same] and was not in a position to observe the approaching motorcar, though the track was at that point straight for a distance of 1,070 feet.

After the motorcar and trailer left Rising Fawn going north, it was being operated, as we have stated, at about 8 or 10 miles an hour, and shortly after it left Rising Fawn Peek, the operator, said to Norrell and the superintendent in charge of the car, "I cannot see." Norrell said: "You haven't anything on me, I cannot see much either." After going some distance further in the fog, Peek asked Norrell if they were going to stop at a certain crossing, and Norrell told him to go on to the next crossing, and Peek told him "there is a section man and a signal man that comes around here," and Norrell replied, "You run slow around here so we can get off if anything shows up." There was no effort made to flag the motorcar and trailer,

or to protect the crew by sending out a flagman ahead of the cars, as was required by the rules of appellant with which Norrell was familiar. It was the foreman's duty to send out a flagman, and Norrell had charge of the crew, was directing its movement, was directing Peek where to stop, and when to go ahead with the car. Peek slowed up twice and asked Norrell if they were going to get off, and Norrell told him to go ahead; and at such time they were traveling in the fog.

About three miles north of Rising Fawn there was a collision between the motorcar and trailer of the bridge and the building crew going north and the motorcar of the section foreman, Hopper, going south; Hopper at the time operating his motorcar. The testimony shows that at the time the fog was rather dense and the views of both operators obscured, and that Hopper's car was traveling south at about 30 to 40 miles an hour. When Peek saw Hopper's car coming in the fog, he put on the brakes and jumped, and as a result of the collision Hopper and Norrell were both killed.

■ Norrell, the deceased, was 58 years of age and was not in good health, and had kidney trouble. He left surviving him a widow 54 years of age and two minor children, a daughter, Ostella Norrell, born May 13, 1911, and a son, Harry, born December 5, 1915. He had been supporting his family, and Mrs. Norrell testified that he had been giving her $67 twice a month. Norrell's salary was $162 a month. She further testified that he would keep out some for himself, from $10 to $14 every two weeks, and that in addition to that he would buy clothes and give some to the lodge and to the church; that the contributions to the family's support were really deposited to his account in the bank; and that he and his wife both checked on the account, and that she checked on it as she needed money. The testimony further disclosed the occupation in which Norrell was engaged was hazardous, and that insurance companies put men engaged in this occupation in a more hazardous class than they do other workmen, and in a more hazardous class than locomotive engineers.

Were the damages awarded excessive under our rules? Louisville & N. R. Co. v. Parker, supra. It is seriously insisted by appellant that such was the effect of the verdict for the defendant by reason of his own negligence that entered into and contributed to the causal negligence of defendant's agent controlling or directing the operation of the other or colliding motorcar, proximately causing the death of intestate. Louisville & N. R. Co. v. Parker, 223 Ala. 626, 651, 138 So. 231. The negligence of plaintiff's intestate in the premises was not the sole, direct, and proximate cause of his injury and death, but in part entered into the situation with the contributing negligence of other agents of defendant acting at the time and under the circumstances within the line and scope of their employment.

When so regarded, the damages awarded were excessive and are fixed at $9,000. And it is the judgment of the court that unless appellee files a remittitur, as provided by law, with the clerk of this court within thirty days, reducing the judgment to $9,000, the judgment is reversed. And if such remittitur is duly filed, the judgment for $9,000, with interest from August 19, 1931, is affirmed.

■ To the above sum, if accepted, interest is to be calculated at the legal rate from the date of rendition of judgment in the court below, but without the 10 per cent. penalty, as held by this court in numerous cases, among them: United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520; Montgomery Light & Water Power Co. v. Thombs, 204 Ala. 678, 87 So. 205; Western Union Tel. Co. v. Bashinsky, Case & Co., 217 Ala. 661, 117 So. 289.

Affirmed conditionally.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.