155 So. 858

SNELLINGS et al. v. BUILDERS' SUPPLY CO., and four other cases.

5 Div. 152, 154, 155, 157, 158.

Supreme Court of Alabama.

March 15, 1934.

Denson & Denson, of Opelika, and W. J. Bird and J. B. Hicks, both of Phenix City, for Snellings and Snellings Lumber Co.

Jacob A. Walker, of Opelika, and Roy L. Smith, of Phenix City, for Phenix-Girard Bank.

Hatcher & Hatcher, of Columbus, Ga., for Builders' Supply Co.

E. Herndon Glenn, of Opelika, for E. C. Smith.

FOSTER, Justice.

While this court incidentally observed in Montgomery Light & Water Power Co. v. Thombs, 204 Ala. 678, 684, 87 So. 205, that section 6153, Code, was intended to penalize frivolous or delay appeals, it was not intended to assert that such was its only purpose, and that the province of this court was to determine whether an appeal was frivolous or for delay so as to authorize the statutory damages, there provided, when the facts stated in section 6153 are shown by the record. The conditions are (1) a moneyed judgment or decree; (2) that it is superseded on appeal by bond; (3) and an affirmance of that judgment on appeal. The only province of this court is to determine whether those conditions exist. When so, we have no discretion.

If there is a situation in which doubt exists as to the existence of any of them, so that an interpretation is necessary, we may consider the purpose of the statute to aid us in so doing. For that reason, in the case of Montgomery Light & Water Power Co. v. Thombs, supra, its purpose was mentioned as an aid to construction. In line with that purpose, it has been uniformly held that the judgment or decree must be affirmed in fact and not merely in form. N. Y. Life Ins. Co. v. Reese, 201 Ala. 673, 79 So. 245; U. S. F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520; Western Union Tel. Co. v. Bashinsky, Case & Co., 217 Ala. 661, 117 So. 289; A. G. S. R. R. Co. v. Norrell, 225 Ala. 503, 143 So. 904.

█ Those cases settle the question that those damages are not applicable, when, on the appeal by a defendant in a moneyed judgment, there is a substantial change in the amount or terms of the judgment, as respects appellant.

In this case there was a moneyed decree rendered against Snellings and Phenix-Girard Bank. They each separately appealed by separate supersedeas bonds. The decree was affirmed as to Snellings. Therefore all three of the conditions of section 6153 are shown.

©⇒For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

**2**

On the appeal of Phenix-Girard Bank, the decree was here modified (in effect reversed and rendered), so as to eliminate it from all liability.

■ But there was no change in the amount or terms of the moneyed decree against Snellings. So that we have no power to exercise a judicial discretion nor occasion for interpretation. The statute is specific and mandatory.

Petition for rehearing is overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.