**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Olen M. YARBROUGH, Appellee.**

**No. 3761.**

Court of Civil Appeals of Texas.

Waco.

June 2, 1960.

Rehearing Denied June 23, 1960.

Dickens & Dickens, Marlin, for appellant.

Bruce Allen, Waxahachie, Hill, Brown, Kronzer & Abraham, Bill Allen, Houston, for appellee.

WILSON, Justice.

Plaintiff in this F. E. L. A., 45 U.S.C.A. § 51 et seq., case alleged injuries sustained when a jack slipped or "shot" while he was working on defendant's track. Liability is

not in issue. Defendant says the $72,000 damages found by the jury is excessive.

Plaintiff was 37 years of age with a life expectancy of 32 years. He had a fifth grade education. Lost earnings to time of trial approximated $4,800. Total earnings during his last twelve-month period of employment exceeded $4,500. His compensation from defendant had increased steadily during the preceding 11 years. He was a highly regarded employee whose foreman testified he was "equal to about two average men." As a carpenter, his hourly wage was $2.28½. He had no previous lost time from serious illness or accident. He continued to work for several days after the accident with pain in his back and leg, after which he testified he consulted a doctor "on my own." He thereafter attempted to continue working. When the pain persisted, he was examined by physicians in the Veterans' Administration hospital who advised him, during several visits, to attempt light work for a year without bending or lifting. He testified that he could not return to the same work, and suffered continuous pain and limitation of motion. Numerous lay witnesses contrasted his previous good physical condition with that at time of trial.

The only medical testimony was to the effect that plaintiff had sustained a herniated nucleus pulposis resulting in nerve root pressure which caused constant pain of varying intensity, muscle atrophy and sensory changes; that the condition was permanent and resulted in disability to perform tasks of a workman requiring physical exertion; that pain would continue; that with a successful fusion operation, he would not be considered an invalid; that surgery, including a spinal fusion, would probably relieve pain, but would not restore stability nor enable plaintiff to do heavy manual labor.

A projection of plaintiff's earnings with a consideration of consistent increment in past wage-earning capacity, coupled with evidence as to physical pain, under this record, precludes our holding this admittedly large verdict is excessive.

Complaint is made to overruling appellant's objection to the damage issue which authorized the jury to consider present cash value of various elements of damage. The objection was there was no evidence of present value. Evidence was introduced as to the rate of interest at which money could be safely invested. If it were necessary for us to reach the question, this evidence doubtless could be said to come clearly within the holding in Chesapeake & Ohio Railroad Co. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, relied on by appellant. We do not pass upon that question, for in Missouri Pacific Railroad Co. v. Kimbrell, Tex., 334 S.W.2d 283, 286, appellant directly complained that there was no evidence in the record showing "the rate of interest at which money may be safely invested," and consequently no evidence of the earning power of money. The Supreme Court held introduction of evidence of earning power of money was not a prerequisite to submission of the damage issue.

Appellant's points are overruled. Affirmed.