**KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant,**

v.

**J. M. LAWSON, Appellee.**

No. 7014.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 30, 1968.

Bell, McGinnis & Bell, Beaumont, for appellant.

Peterson & Neumann, Beaumont, George L. Schmidt, Houston, for appellee.

STEPHENSON, Justice.

This is an action for personal injuries brought under the Federal Employers' Liability Act. Judgment was rendered for plaintiff upon the issues submitted to the jury. The parties will be referred to here as they were in the trial court.

Defendant's first point of error is that the trial court erred in refusing to give its requested instruction No. 1, which reads as follows:

In determining the present value of money, you must take into consideration the rate of interest, compounded annually, for which money can be safely and securely invested, and you must determine the present value of any amount you may so allow as damages by discounting the same or deducting therefrom annually an amount equal to the rate of interest during the period for which you will allow such damage to compensate.

It was requested that this instruction be given in connection with Special Issue No. 27, which reads in part as follows:

What sum of money, if any, if paid now in cash do you find from a preponderance of the evidence will fairly and reasonably compensate the plaintiff, J. M. Lawson, for such injuries, if any, as were directly caused, and will in reasonable probability be directly caused in the future by reason of the occurrence made the basis of this suit, taking into account the following elements of damage, if any, and none other:

(a) . . . (physical pain to date of trial)

(b) . . . (mental anguish to date of trial)

(c) . . . (loss of earning to date of trial)

(d) The present cash value of such physical pain, if any, as you find from a preponderance of the evidence he will in reasonable probability suffer in the future beyond the date of this trial, directly resulting from such injuries, if any, sustained by him on the occasion made the basis of this suit;

(e) The present cash value of such mental anguish, if any, as you find from a preponderance of the evidence he will in reasonable probability suffer in the future beyond the date of this trial, directly resulting from such injuries, if any, sustained by him on the occasion made the basis of this suit;

(f) The present cash value of such loss, if any, of earning capacity as you find from a preponderance of the evidence he will in reasonable probability sustain in the future beyond the date of this trial, directly resulting from such injuries, if any, sustained by him on the occasion made the basis of this suit.

Answer by stating the amount, if any, in dollars and cents, or none.

ANSWER: $235,100.—

The leading case in Texas on this point is Texas & P. Ry. Co. v. Perkins (Tex.) 48 S.W.2d 249. In the trial court the damage issue read as follows:

What amount of money if paid now in cash will fairly compensate plaintiff for the injuries he has sustained?

A portion of the instruction of the court in reference to such issue read as follows:

If you find that the plaintiff's ability to work will be decreased in the future as the direct result of said injury, if any he has received, you will also allow such a sum of money as if paid now in cash will fairly compensate him therefor; and if you shall find from a preponderance of the evidence that the plaintiff will endure mental and physical suffering in the future as the direct result of said injury, if any he has received, you will also allow such a sum of money as if paid now in cash will fairly compensate him there-

for, and make the total amount, if any, so found by you in your answer to this question.

The railroad company requested the following instruction:

In connection with special issue No. 8, you are instructed that should you find in favor of the plaintiff and allow the plaintiff damages in answer to such question, then the amount allowed for any decreased ability to work and earn money in the future, if any, and the amount allowed for physical and mental suffering, if any, should be such amount as is the present value thereof, and in determining the present value thereof, you should take into consideration the rate of interest at which money can be safely and securely invested and determine the present value of any amount you may so allow by discounting the same or deducting therefrom annually an amount equal to the rate of interest at which such sum could be safely and securely invested during the period for which you may allow such damages, . . .

The trial court refused such instruction which action was assigned as error. The Texas Supreme Court held this to be reversible error and wrote as follows:

This is a federal question, and the rule announced by the authoritative federal decisions controls. The Supreme Court of the United States holds that in awarding damages for death under the Federal Employers' Liability Act the jury must determine the present value of the pecuniary loss calculated as bearing interest at the highest net rate that can be had on money safely invested. In the case of Gulf, C. & S. F. Ry. Co. v. Moser, 275 U.S. 133, 48 S.Ct. 49, 72 L.Ed. 200, where special issues were submitted to the jury, as was done here, the following special instruction was refused: "In considering of your verdict on the question of damages, and under the special issues submitted to you in that connection, and thereunder in determining 'such sum of

money as if paid in cash at this time would be sufficient to fairly compensate the surviving wife and child,' for their pecuniary loss, you are instructed that in determining the present value of such contributions as plaintiff would probably have received from the continued life of the deceased you will make your calculations on the basis of the amount of your award, bearing interest at the highest net rate of interest that the testimony shows can be had on money safely invested, and secured as shown by the testimony in this case." The Supreme Court of the United States, in passing upon this question, held:

"This action sufficed to raise the point now presented. Refusal to grant the request was material error.

"Chesapeake & O. R. Co. v. Kelly, 241 U.S. 485, 491, 60 L.Ed. 1117, 1122 [L.R. A.1917F, 367], 36 S.Ct. 630 [13 N.C.C.A. 673], and Chesapeake & O. R. Co. v. Gainey, 241 U.S. 494, 60 L.Ed. 1124, 36 S.Ct. 633, announce the applicable rule. In the first, we distinctly stated that: 'In computing the damages recoverable for the deprivation of future benefits, the principle of limiting the recovery to compensation requires that adequate allowance be made, according to circumstances, for the earning power of money; in short, that when future payments or other pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only.' The interpretation approved by us has become an integral part of the statute. It should be accepted and followed."

Plaintiff cites Missouri Pacific Railroad Company v. Kimbrell, 160 Tex. 542, 334 S.W.2d 283, which holds that it is not necessary to introduce evidence to show the rate of interest at which money can be safely invested in the vicinity at the time for the jury to find the present value of an award for future damages. However, it is clear that the matter of instructing as to

discount was not passed upon, as the following statement was written:

The first point complains of the overruling by the trial court of objections to its charge because it did not contain instructions limiting damages to be assessed for future physical and mental suffering and future diminished earning capacity to their present value. The objections state that the charge should have instructed the jury that in measuring the present value of damages to be sustained in the future it must take into consideration the rate of interest, compounded annually, at which money could be safely and securely invested, and determine the value of any amount that may be allowed by discounting the same. However, each objection concludes with this language: "which charge, because of the failure of any proof in the record cannot now be given to the jury." Under Rule 274, Texas Rules of Civil Procedure, it is provided that "A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection." The purpose of that rule is to give the trial court an opportunity to correct any errors in the charge so that the case may be properly submitted. Those objections do not meet that test. After stating that the charge should have contained certain instructions, the objections then conclude that for lack of evidence the instructions should not have been given. If those objections raise any question at all, it is indirectly the question of the absence of evidence concerning the matter complained of. That question is clearly reached in point two. Point number one is overruled.

The United States Supreme Court case of Louisville & N. R. Co. v. Holloway, 246 U.S. 525, 38 S.Ct. 379, 62 L.Ed. 867, was cited by plaintiff. This case does not pass upon the precise question before this court in the present case. A portion of the Holloway opinion reads as follows:

The instruction given was: "The measure of recovery if you find for the plaintiff, being such an amount in damages as will fairly and reasonably compensate the widow of the said John G. Holloway, deceased for the loss of pecuniary benefits she might reasonably have received if the deceased had not been killed, not exceeding the amount claimed; to wit: $50,000.00."

The company had, of course, the right to require that this general instruction be supplement by another calling attention to the fact that, in estimating what amount would compensate the widow, future benefits must be considered at their present value. But it did not ask for any such instruction. Instead it erroneously sought to subject the jury's estimate to two rigid mathematical limitations: (1) That money would be worth to the widow six per cent., the legal rate of interest; (2) that the period during which the future benefits would have continued was 28.62 years,—the life expectancy of the husband according to one of several well-known actuarial tables. The company was not entitled to have the jury instructed as matter of law either that money was worth that rate, or that the deceased would not in any event have outlived his probable expectancy.

A third case cited by plaintiff, Pennsylvania Railroad Company v. McKinley, 6 Cir., 288 F.2d 262. It is held that it was not error for the trial court to refuse to instruct the jury that no award could be made for damages for future loss of earning capacity because no evidence was offered as to interest rates, annuity tables or other data for the jury to ascertain the present value of damages for future loss of earning capacity. The court also said:

Here we are not dealing with the question of whether or not a trial judge, with or without a request for instruction, should have advised the jury specifically upon a method of arriving at present worth.

Plaintiff also cites Missouri Pacific Railroad Company v. Yarbrough, 336 S.W. 2d 884. In this case, apparently, there was no request for an instruction to the jury as to how to arrive at the present value. The only objection made, and point raised in the C.C.A. was that there was no evidence of present value, and the court stated that evidence was introduced as to the rate of interest at which money could be safely invested.

■ It is argued by plaintiff that because the charge in the present case asked the jury to find the "present cash value" of the future items inquired about, that the requested instruction is not necessary. It is true that the charge in Perkins case, supra, did not use the words "present cash value," but it did ask what sum of money, if paid now in cash would fairly compensate the plaintiff. Even though the charge in the present case asked the jury to find the "present cash value," it gave the jury no indication that the items of future damages should be discounted at the present rate of interest at which money could be safely and securely invested.

In this case, it is obvious that the jury did not discount the amount of money which was allowed plaintiff for loss of earning capacity in the future. A hearing on defendant's motion for new trial based partially on jury misconduct revealed that the jury took the sum of $9,500.00, which was plaintiff's last annual earnings and multiplied it by 23 years to get a total of $218,500.00. The plaintiff was 42 years of age at the time with 23 working years before reaching 65. The jury added $16,600.00, which was the amount of earnings lost to the date of trial, to the $218,500.00 to secure the total of $235,100.-00, their answer to this special issue. All of the jurors who testified, stated that they did not discount the future earnings.

We find the requested instruction was substantially correct, and pointed out distinctly the matter objected to and the grounds for the objection to the instruction given by the court in submitting Special Issue No. 27. It was error for the trial court to refuse to give the requested instruction. Such error was such a denial of rights of defendant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.

■ Defendant contends the trial court erred in refusing to submit a series of special issues relating to the violation of Operating Rule No. 93. This rule requires that when within yard limits, engines must move at "restricted speed," which is defined as "Proceed prepared to stop short of trains, engines, obstructions or switch not properly lined." Defendant had alleged that plaintiff, the engineer, had violated Rule No. 93, which was negligence, and the sole proximate cause or a proximate cause of his injuries.

The evidence shows: That plaintiff was an engineer operating defendant's railroad locomotive in defendant's Port Arthur Switching Yards. This incident occurred on a dark night as the locomotive was shoving 42 cars to the south end of the yard, which was not lighted. Plaintiff could not see the end of the 42 cars which collided with some standing cars causing plaintiff's injuries. The plaintiff was traveling 6 or 7 miles an hour at the time of the collision.

The trial court submitted to the jury: An issue asking if the failure of plaintiff to slow his engine and cut off freight cars so as to feel for other cars which might be on the track was negligence. An issue asking if plaintiff knew, or by the exercise of ordinary care should have known that there were other cars on the track into which he was switching. An issue asking whether the failure of plaintiff to ascertain whether the engine and cut off cars he was switching would fit on the switch track with the other cars was negligence. An issue asking whether plaintiff was operating his engine at an excessive rate of speed. All of these issues were answered favor-

ably to plaintiff. We have concluded the trial court fairly and fully submitted the controlling issues raised by the pleading and evidence, and that the requested issues, which were refused, were merely shades of those submitted. Rule 279 Texas Rules of Civil Procedure. The points are overruled.

■ Defendant next assigns as error the failure of the trial court to submit to the jury its requested issue on unavoidable accident. In examining the record in this case, we are bound to follow the rule expressed by the Texas Supreme Court in Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790, as follows:

* * * if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident.

We have carefully considered the record in this case and we have found no theory, supported by the facts under which this accident could have happened, notwithstanding both of the parties to this suit exercised the degree of care required by law. This point is overruled.

■ Defendant has a point of error that the amount of the judgment is excessive. We find this judgment in the amount of $235.100.00 to be excessive only because the jury did not discount the plaintiff's future earnings, as it is obligated under the law to do. Testimony in the record shows that the sum of $141,130.00, if invested at 4% over 23 years, would return $9,500.00 per year. Having found the judgment to be excessive and that this cause should be reversed for that reason only, under Rule 440 T.R.C.P., this case will be reversed and remanded unless plaintiff files a remittitur of $77,370.00 within 14 days after the date of this opinion. In the event such remittitur is filed, the judgment of the trial court will be reformed and affirmed to conform with the conclusions above stated. Dallas Ry. & Terminal Co.

v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017. Higginbotham v. O'Keefe, Tex.Civ. App., 340 S.W.2d 350.

The judgment is affirmed conditionally.